Charles HODGE, Jerald Miller, and
Carolyn Kadooka, Plaintiffs,

v.

Karen W. HAYES, Defendant.

No. CV–S–87–831–PMP.

United States District Court,
D. Nevada.

March 28, 1989.

Monte N. Stewart, James A. Ririe,
Wright & Stewart, Las Vegas, Nev., for
plaintiffs.

C. Keith Rooker, Las Vegas, Nev., for
defendant.

## ORDER

PRO, District Judge.

This case involves the competing claims
of Plaintiffs and Defendant regarding title
to a patented placer mining claim for sand
and gravel on approximately 160 acres of
land located on the eastern edge of Las
Vegas Valley near Sunrise Mountain,
known as Airway No. 19.[1]

Sometime prior to 1973, Plaintiffs prede-
cessor in interest, Dorothy I. Smith, be-
came the owner of an unpatented mining
claim known as Airway No. 19 covering the
property at issue. Desiring to obtain a
sand and gravel placer mining claim patent
from the United States, Mrs. Smith re-
tained Defendant's predecessor in interest,
Keith C. Hayes, a lawyer.

On November 12, 1973, Smith and Hayes
executed a written agreement providing
that Hayes would perform the legal servic-
es necessary to acquire a placer mining
claim patent on the Airway No. 19 property
from the United States and in exchange
Mrs. Smith would convey by quitclaim deed
to Hayes approximately 32 acres of the
Airway No. 19 mining claim.[2]

On January 7, 1974, Hayes became a
District Judge of the State of Nevada.
However, because of his ownership interest
in the property, Hayes continued to act on
behalf of himself and Smith in perfecting

---

1. The property at issue is legally described as:
    The east one-half of the northwest quarter
and the north one-half of the southwest quarter
of Section 14, Township 20 South, Range 62
East, M.D.B. & M.

2. The legal description of the portion of Airway
No. 19 contained in the quitclaim deed recorded
November 5, 1973, is as follows:
    South 525 feet of the North Half (N½) of
    the Southwest Quarter (SW¼) of Section 14,
    Township 20 South Range 62 East, MDM,
    Clark County, Nevada.

the patent application which was filed with the United States Department of Interior, Bureau of Land Management, on July 31, 1975. On January 9, 1979, the Bureau of Land Management rejected the Airway No. 19 patent application. On November 27, 1979, Hayes died of cancer.

On December 5, 1980, the Congress of the United States enacted Private Law 96–97 granting Smith and Hayes the desired sand and gravel patent to Airway No. 19, which resulted in the issuance of the patent by the Bureau of Land Management on February 24, 1981. The patent provides in pertinent part as follows:

WHEREAS, Dorothy Smith and Keith Hayes, are entitled to a Sand and Gravel Patent pursuant to H.R. 7698, an Act for the relief of two mining claimants, signed into law December 5, 1980 as Private Law 96–67, for the sand and gravel deposit contained in the Airway Number Nineteen placer mining claim designated and described as follows:

Mount Diablo Meridian, Nevada

T. 20 S., R. 62 E., sec. 14, E½NW¼, N½SW¼.

The area described contains 160 acres.

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES, unto the above named claimants, their heirs, successors and assigns, the sand and gravel deposit within the claim and such use of the surface of the claim reasonably required to mine the sand and gravel as determined by the Secretary of the Interior or his designated agents.

On May 18, 1986, Dorothy Smith died. On November 13, 1987, this action was commenced by Smith's successors seeking declaratory judgment adjudicating the respective rights and interests of the parties in the Airway No. 19 patented mining claim. By their Complaint, Plaintiffs alternatively allege causes of action for unjust enrichment, constructive trust and resulting trust, all seeking judgments that Defendant has no interest in the Airway No. 19 mining claim except for the approximately 32–acre portion quitclaimed to Defendant's predecessor pursuant to the agreement of November 12, 1973. Alterna-

tively Plaintiffs seek judgment that Defendant be required to compensate Plaintiffs in an amount equal to the full value of whatever Defendant claims her interest in Plaintiffs' portion of the mining claim to be.

Defendant responds that the patent issued by the United States is the sole source of the mining claim title of the parties and results in a tenancy in common by which the parties enjoy an undivided 50% interest. Additionally, Defendant contends that Plaintiffs' claims to the contrary are barred by the statute of limitations.

On November 30, 1988, Plaintiffs and Defendant filed Cross–Motions for Summary Judgment (# 20 and # 22, respectively), which have been fully briefed and regarding which arguments were heard on Friday, March 10, 1989.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Three recent decisions by the United States Supreme Court have clarified what a non-moving party must do to withstand a motion for summary judgment. That standard was effectively reiterated by the Ninth Circuit Court of Appeals in *Cal. Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987) as follows:

First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett,* [477] U.S. [317], 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be re-

solved only by a finder of fact *because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc.,* [477] U.S. [242], 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.

In her Motion for Summary Judgment, Defendant argues that the patent issued by the U.S. constitutes the sole source of title to the land, that upon issuance and recordation a tenancy in common was created, and that Plaintiffs and Defendant are entitled to an undivided fifty percent interest in mining patent. Accepting Defendant's contention that the issuance of the patent constitutes the source of title to the patent and that a tenancy in common resulted, the Court must consider the merits of Defendant's claim that she is entitled to a fifty percent share of the land.

It is well established that when two or more individuals own property as tenants in common, there is a presumption of equal shares when the instrument under which they claim ownership is silent as to their respective shares, *Sebold v. Sebold,* 444 F.2d 864 (D.C.Cir.1971). However, this presumption is rebuttable, *Id.* The burden of proof of overcoming this presumption lies with the party asserting unequal distribution, *Castle v. Hulcher,* 312 N.E.2d 836, 20 Ill.App.3d 11 (1974). This presumption can be overcome by various means, including evidence showing the source of actual cash outlay at the time of acquisition or any other evidence raising inferences contrary to the idea of undivided equal interest in the joint estate, *Sebold* 444 F.2d at 872.

The Court finds that Plaintiffs have effectively rebutted the presumption of undivided equal interests. The "Agreement" entered into between Mrs. Smith and Mr. Hayes and the terms and delivery of the quitclaim deed constitutes evidence which rebuts the presumption of equal shares. Specifically, the "Agreement" states, in pertinent part:

> In consideration for Quit Claim Deed for 32 acres of Airway No. 19 Mining Claim from DOROTHY SMITH to KEITH HAYES described as follows:

> The East one-half of the N.W. Quarter and the North one-half of the S.W. Quarter of Section 14, Township 20 South, Range 62 East, MDM, Containing 160 acres.

> I, KEITH HAYES, will perform the task as Attorney for filing and completion for a patent for the land of Airway No. 19 and will use due diligence to obtain said patent. I will pay my portionate share (20%) of said costs for patent, including filing fees, advertising, cost of the land from the U.S. Government, and other incidental costs for the patent, excluding attorney fees.

The Agreement unambiguously reflects the intent of the parties that the Hayes portion of Airway No. 19 be restricted to the land described in that agreement. As further evidence of this intent, a quitclaim deed, passing the designated 32 acres of Airway No. 19 from Mrs. Smith to Mr. Hayes, was delivered and later recorded by Mr. Hayes on November 5, 1973.

Moreover, evidence of post-agreement activity on the part of Mrs. Smith and Mr. Hayes as well as activity subsequent to the issuance of the patent on the part of Mrs. Smith and Defendant Hayes demonstrated a mutual acknowledgement of and respect for the terms of the original agreement.

Finally, no sufficient admissible evidence has been presented to support Defendant's assertion that Mrs. Smith and Mr. Hayes originally intended that they take an undivided equal share in the land. Defendant's contentions falsely presume that the failure of Mrs. Smith and Mr. Hayes to specify their precise interests in their correspondence and applications signifies an intended

equal share. Defendant reaches the same erroneous conclusions regarding similar inexact expressions and comments by other individuals and agencies directly and indirectly associated with the parties and the instant dispute. . . .

The Court finds that the true intention of the parties is definitively demonstrated by the "Agreement", the content, delivery and recordation of the quitclaim deed, the various lease agreements entered into by Mrs. Smith, Mr. Hayes and Defendant Hayes with sand and gravel operators, and the survey of the property conducted by Sun Survey. That unambiguous understanding was that the predecessors in interest, Smith and Hayes, intended throughout that the patent secured convey the interest of the parties in accordance with the original Agreement entered November 12, 1973.

■ Defendant further argues that Plaintiffs' claims are barred by the statute of limitations. Defendant, citing several Nevada limitation of actions statutes, contends that Plaintiff had knowledge of the claims asserted in the instant action no later than the date the patent was received by Plaintiffs on March 2, 1981. The Court rejects Defendant's contention.

Plaintiffs' claim arose in the instant action in August 1986 when, by letter, Plaintiff Charles Hodge was informed by Defendant's son, attorney Garry L. Hayes, of a dispute concerning the interest owned by the respective Smith and Hayes estates. This correspondence marked the first communication or conduct on the part of Defendant putting Plaintiffs on notice of a disagreement regarding the interests of the parties. Given that Plaintiffs filed the Complaint in this Court on November 13, 1987, and that the statute of limitations commenced in August 1986, Plaintiffs action is timely filed.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for Summary Judgment (# 20) is granted.

IT IS FURTHER ORDERED THAT Defendant's Motion for Summary Judgment (# 22) is denied.

IT IS FURTHER ORDERED THAT the Clerk of Court shall forthwith enter Judgment in favor of Plaintiffs and against Defendant declaring that Defendant has no right, title or interest in that certain real property in Clark County, Nevada, described as the north one-half of the southwest one-quarter, excepting the south 525 feet thereof, and the east one-half of the northwest one-quarter, Section 14, Township 20 South, Range 62 East, M.D.B. & M.